FILED
4/10/15 4:01 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | CASE NO. 15-10380 |
| ) | |
| ERIE HOCKEY CLUB LIMITED, ) | |
|    Debtor. ) | |
| ) | |
| ) | CHAPTER 11 |
| ERIE HOCKEY CLUB LIMITED, ) | |
|    Movant, ) | |
| ) | Related to Document No. 5 |
|    v. ) | |
| ) | |
| ONTARIO MAJOR JUNIOR HOCKEY ) | |
| CORPORATION, ) | |
|    Respondent. ) | JUDGE AGRESTI |
| ) | |

## ORDER AUTHORIZING USE OF CASH COLLATERAL

*AND NOW*, this 10th day of April, 2015, after notice and hearing on the Debtor's Expedited Motion for Authorization to Use Cash Collateral dated April 8, 2015, filed at Doc. No. 5, and Ontario Major Junior Hockey Corporation ("Lender") having a lien thereon, it is hereby ORDERED, ADJUDGED and DECREED that:

1. Debtor shall be, and hereby is, authorized to utilize the cash collateral in the operation of the business until *further orders of Court*.

2. The pre-petition liens of the Lender shall be continued post-petition as to both pre-petition and post-petition assets, but the value of the Lender's lien shall not be greater post-petition than the value thereof at the time of the filing of the bankruptcy Petition initiating this case, plus accruals and advances thereafter, minus payments to the Lender thereafter. No additional financing statements or mortgages need be filed to perfect such post-petition liens and security interests.

3. The agreements set forth in the Motion signed and filed by the Debtor and Lender shall be binding upon the Debtor and Lender, but may, to the extent not confirmed by this Order either expressly or by necessary implication, be reconsidered with respect to the rights of other parties at any time prior to confirmation of a plan of reorganization or distribution under Chapter 7, on motion of any other party in interest.

4. The Debtor shall provide the Lender such access to the Debtor's records and financial information as the Lender may request, in addition to the monthly financial reports required by the U.S. Trustee.

     5.    The Court will endeavor to grant an expedited hearing for modification or enforcement of this Order on request of the Debtor, the Lender, or any other party in interest.

     6.    The Debtor shall not incur post-petition indebtedness which cannot be paid.

     7.    Counsel for the Debtor shall serve this Order on the 20 largest unsecured creditors of the Debtor and such other parties, if any, as maybe required by Fed. R. Bankr. P. 4001 and W.Pa.LBR 4001.2.

THOMAS P. AGRESTI, JUDGE
UNITED STATES BANKRUPTCY COURT

Court Administrator to serve:
    U.S. Trustee